

## NUMBER 13-21-00443-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

MAGDALENA ROBLES-AGUIRRE
AND ALL OCCUPANTS,                                                          Appellants,

v.

FINANCE OF AMERICA STRUCTURED
SECURITIES ACQUISITION TRUST 2017-HB1,
WILMINGTON SAVINGS FUND SOCIETY, FSB,
NOT INDIVIDUALLY, BUT SOLELY AS TRUSTEE,                  Appellees.

---

### On appeal from the County Court at Law No. 1
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Benavides

On September 28, 2021, Janie Marie Cavazos as next friend of Magdalena

Robles-Aguirre filed a notice of appeal regarding a summary judgment signed on

September 21, 2021, in the County Court at Law No. 1 of Cameron County, Texas, in favor of appellee Finance of America Structured Securities Acquisition Trust 2017-HBl, Wilmington Savings Fund Society, FSB, not individually, but solely as Trustee.[1]

Appellants' brief was originally due to be filed in this Court on April 20, 2022 but was not filed. On April 27, 2022, the Clerk of this Court notified appellants that their brief had not been timely filed. The Clerk advised appellants that the appeal would be dismissed for want of prosecution unless, within ten days from the date of this letter, appellants reasonably explained the failure and the appellee was not significantly injured by the appellants' failure to timely file a brief. *See* TEX. R. APP. P. 38.8(a).

On May 5, 2022, appellants filed a defective motion for extension of time to file their brief, and on May 5, 2022, filed an amended motion for extension of time to file their brief requesting a twenty-one-day extension of time. This Court granted that motion for extension; however, appellants did not file their brief in this matter.

On June 2, 2022, the Clerk of this Court notified appellants that their brief had not been timely filed. The Clerk again advised appellants that the appeal would be dismissed for want of prosecution unless, within ten days from the date of this letter, appellants reasonably explained the failure and the appellee was not significantly injured by the appellants' failure to timely file a brief. *See* TEX. R. APP. P. 38.8(a). Appellants have not responded to the Clerk's notice, filed a motion for extension of time, or filed their brief in

---

[1] In the underlying proceedings, the pleadings and judgment identify the defendants as Magdelena or Magdalena Robles-Aguirre and/or all occupants of 485 S. Travis Street, San Benito, Texas 78586; however, the notice of appeal was filed by Janie Marie Cavazos as next friend of Magdalena Robles-Aguirre, and post-judgment pleadings are styled similarly. Further, the word "Acquisition in one of the appellee's names is occasionally spelled as "Acquistion." These differences are not material to our analysis.

this matter.

Appellate courts possess the authority to dismiss an appeal for want of prosecution when an appellant in a civil case fails to timely file the appellant's brief and gives no reasonable explanation for the failure. *See id.* R. 38.8(a)(1); *id.* R. 42.3(b); *Am. Bail Bonds v. City of El Paso*, 225 S.W.3d 612, 612 (Tex. App.—El Paso 2006, no pet.); *Newman v. Clark*, 113 S.W.3d 622, 623 (Tex. App.—Dallas 2003, no pet.) (per curiam). Similarly, courts may dismiss an appeal for want of prosecution generally or because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the appellate court clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3 (b), (c).

The Court, having examined and fully considered the documents on file and appellants' failure to file a brief, is of the opinion that this appeal should be dismissed. Accordingly, we dismiss the appeal for want of prosecution. *See id.* R. 38.8(a), 42.3(b), (c).

GINA M. BENAVIDES
Justice

Delivered and filed on the
14th day of July, 2022.

3